# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 3:16-CR-000076-JHM**

**UNITED STATES OF AMERICA**                                                             **PLAINTIFF**

v.

**MED 1ST, KAREN POELING,**
**and MITCHEL STUKEY**                                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions to dismiss by defendant Mitchel Stukey. (DN 55, 56.) Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

The superseding indictment in this case charges Med 1st, a medical service provider in Evansville, Indiana, and two of its employees, Stukey and Karen Poeling, with health care fraud, conspiracy to commit health care fraud, conspiracy to violate the Controlled Substance Act, and conspiracy to commit money laundering.[1] Upon being indicted, Stukey was asked to appear voluntarily in court for his initial appearance and arraignment. According to the first motion to dismiss, Stukey was taken into custody and placed in a holding cell for two hours while awaiting his court appearance. Stukey was ultimately released on an unsecured bond by the Court.

Stukey has filed two motions to dismiss, alleging three grounds for dismissal. First, he argues that the prosecution acted vindictively by arresting him upon his arrival for his arraignment. Second, he seeks dismissal of the health care fraud charges since the government cannot prove that the procedures at issue were "medically unnecessary," and therefore

---

[1] Poeling is only charged with conspiring to commit both health care fraud and money laundering.

fraudulent, since that determination is a matter of opinion and judgment rather than fact. And third, he argues that venue is inappropriate in the Western District of Kentucky.

## II. DISCUSSION

### A. VENUE

The Court will begin with the challenge to venue, as Stukey's other challenges to the indictment become moot if venue is not appropriate. Article III of the Constitution, the Sixth Amendment, and the Federal Rules of Criminal Procedure all require that a crime be prosecuted and tried in the district where the crime was committed. U.S. Const. art. III § 2; U.S. Const. amend. VI; Fed. R. Crim. P. 18. An indictment may be dismissed for lack of proper venue through a pretrial motion made pursuant to Fed. R. Crim. P. 12(b). However, Rule 12(b)(3) only permits dismissal for improper venue before trial if "the motion can be determined without a trial on the merits." The Court "may make preliminary findings of fact necessary to decide the questions of law presented by [a] pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976). The Court's fact-finding will not cause such an intrusion "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id.* at 665 (citations omitted).

The Court finds that it cannot determine whether venue is appropriate without intruding upon the province of the ultimate finder of fact. For the purposes of deciding the motion to dismiss, the Court must consider the indictment's factual allegations as true. *United States v. Hann*, 574 F. Supp. 2d 827, 830 (M.D. Tenn. 2008). The superseding indictment states that the conspiracies to commit health care fraud and to violate the Controlled Substance Act took place "in the Western District of Kentucky, Jefferson County, Kentucky[.]" (DN 18, at 1, 4.) It

further alleges that the crimes of health care fraud and conspiracy to commit money laundering were committed "in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere[.]" (*Id.* at 2–3, 5.) Based upon these statements, the indictment is facially valid. *See United States v. Grenoble*, 413 F.3d 569, 573 (6th Cir. 2005) (improper venue not apparent on the face of an indictment that alleges the crimes occurred "in the Northern District of Ohio"); *United States v. Varnado*, 2007 WL 3124645, at *3 (W.D. N.C. Oct. 25, 2007) (in prosecution for health care fraud and money laundering conspiracies, "general allegations" in indictment that conspiracies were effectuated within "Mecklenburg County, in the Western District of North Carolina, and elsewhere," were sufficient to survive pretrial motion to dismiss for improper venue). The Court cannot engage in any further fact-finding at this stage regarding venue, as it would intrude upon the province of the jury to determine what actions were taken by the defendants and where they occurred, which are both highly relevant to "determining the validity of the defense." *Jones*, 542 F.2d at 664. The government still has "the burden of proving by a preponderance of the evidence that venue is proper as to each Count in the Superseding Indictment," but such proof must be adduced at trial. *Varnado*, 2007 WL 33124645, at *3. Therefore, because the superseding indictment is facially valid for each count, the motion to dismiss for improper venue is **DENIED**.

### B. MEDICAL NECESSITY

Next, the Court will address Stukey's argument that Counts I (conspiracy to commit health care fraud) and II (health care fraud) must be dismissed because the government cannot prove, as a matter of fact, that the procedures or decisions at issue were "medically unnecessary," and thus they could not have been performed or made fraudulently. In support of this argument, he cites to the recent decision in *United States v. Paulus* by the district court for the Eastern

District of Kentucky, in which the court granted a motion for acquittal on charges of health care fraud and making false statements relating to health care matters. 2017 WL 908409 (E.D. Ky. Mar. 7, 2017).

The Sixth Circuit has held that billing a health care benefit program for medically unnecessary procedures is one way in which a medical care provider can commit health care fraud. *E.g., United States v. Persaud*, 866 F.3d 371, 380–81 (6th Cir. 2017); *United States v. Martinez*, 588 F.3d 301, 316 (6th Cir. 2009). The issue under this theory of fraud is not whether the government can prove that the medical procedures were objectively unnecessary, but rather whether it has offered sufficient proof of that fact. Stukey's motion places a post-trial concern (whether the government has sufficiently proven that the procedures were medically unnecessary) at issue prematurely. While a conviction for health care fraud cannot be sustained without sufficient proof that the procedures at issue were not medically necessary, that issue can only be decided once the government has presented such proof and the court can determine if it has met its burden. In fact, that is exactly what the district court in *Paulus* decided, as it refused to dismiss the indictment before trial on the basis that medical necessity was subjective and could not form the basis of a fraud charge. *Paulus*, 2017 WL 908409, at *2. Instead, the court considered the evidence presented at trial and determined that the government had not sufficiently established that the procedures in question were medically unnecessary, as the proof at trial indicated that the decisions fell within the range of acceptable treatment options. *Id.* at *15–16. That court did not find that the concept of "medically unnecessary treatment" was unconstitutionally vague. *Id.* at *2. This Court likewise declines to find that the health care fraud statutes, *see* 18 U.S.C. §§ 1347, 1349, are unconstitutionally vague or violate the Due Process Clause, as such a conclusion is inconsistent with Sixth Circuit precedent upholding

convictions for health care fraud that were supported by evidence to allow the jury to conclude that the procedures were objectively unnecessary. *See Persaud*, 866 F.3d at 380–81; *United States v. Hunt*, 521 F.3d 636, 645 (6th Cir. 2008) ("A rational trier of fact, however, could be convinced beyond a reasonable doubt that Hunt's claim [that exams were medically necessary] is a sham"). *See also United States v. McLean*, 715 F.3d 129, 137 (4th Cir. 2013) (rejecting vagueness challenge to health care fraud statute, as "an average person would understand that this kind of conduct [billing for medically unnecessary procedures] is prohibited"). Therefore, the motion to dismiss Counts I and II is **DENIED**.

### C. GOVERNMENT MISCONDUCT

Finally, the Court will address Stukey's argument that the indictment should be dismissed for government misconduct. He argues that the prosecution acted vindictively by taking him into custody upon his arrival at the courthouse for his arraignment and requiring him to wait for two hours in a holding cell, as this was done in retaliation for his refusal to plead guilty to the charges. The Due Process Clause places limits on how a prosecutor may respond to a defendant's exercise of his constitutional rights. *See United States v. Goodwin*, 457 U.S. 368 (1982). For example, a prosecutor may not act vindictively or retaliate against a defendant for exercising his constitutional rights. *United States v. Andrews*, 633 F.2d 449, 455–56 (6th Cir. 1980) (en banc). However, "the mere appearance of vindictiveness is not enough . . . [t]he factual situation must pose a realistic likelihood of vindictiveness." *Id.* at 455 (citations omitted). One element that must be proven to establish a "realistic likelihood of vindictiveness" is the "unreasonableness of the prosecutor's conduct." *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001) (citations omitted).

Here, Stukey's motion does not adequately establish the unreasonableness of having to wait for two hours in a holding cell before his arraignment. According to Stukey, he was asked to appear voluntarily, even though Fed. R. Crim. P. 9(a) requires the Court to issue an arrest warrant for an individual who has been indicted unless the government requests otherwise. Only once he had appeared voluntarily was he taken into custody and placed in the holding cell for two hours, which Stukey concedes was at least done in part pursuant to the normal booking process of the United States Marshals Service. A prosecutor's decision to place the defendant in a holding cell while awaiting arraignment cannot be considered unreasonable when the Federal Rules of Criminal Procedure essentially makes this the default practice and places the decision to alter this process within the discretion of the prosecution. *Id.* Nor has Stukey otherwise explained how his time in custody was unreasonable. While Stukey has a constitutional right to be free from unlawful arrests that are lacking in probable cause, he has no right to not be arrested when probable cause has been found by a grand jury. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 398 (6th Cir. 2016) ("the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause") (quotations omitted). Stukey has not shown that the government behaved in an unreasonable manner, as the Court cannot conclude that placing Stukey in a holding cell for two hours while awaiting arraignment was unreasonable when the Federal Rules of Criminal Procedure *presume* that the defendant will be arrested (and likely held in custody for longer than two hours) upon the return of an indictment. This defect is fatal to his claim of vindictive prosecutorial conduct, as he has failed to establish a realistic likelihood of vindictiveness. Therefore, the motion to dismiss for government misconduct is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motions to dismiss by defendant Mitchel Stukey (DN 55, 56) are **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

October 26, 2017

cc: counsel of record